IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES M. HENDERSON,
No. 76058-004,

        Petitioner,

vs.                                  CIVIL NO. 13-cv-00628-DRH

WARDEN WALTON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner James M. Henderson, currently incarcerated in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his indictment, conviction and sentence. Petitioner pleaded guilty to using a means of interstate commerce—the internet—to entice someone under the age of 18 years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). *United States v. Henderson,* Case No. 08–cr–14042 (S.D.Fla.). He was sentenced on October 23, 2002, to imprisonment for 120 months.

    Petitioner's conviction was upheld on direct appeal, and a motion for rehearing *en banc* was denied. Pursuant to 28 U.S.C. § 2255, petitioner collaterally attacked his sentence, but his petition was denied by the trial court and a subsequent appeal was unsuccessful. Petitioner has consistently asserted that his counsel was ineffective, challenged the propriety of his indictment, the

alleged ambiguity in the statute, and asserted that his plea was uninformed and involuntary. Petitioner also contends that he is factually innocent of the offense. Those same arguments are all asserted in the present Section 2241 petition, filed on June 28, 2013 (Doc. 1).

In the Memorandum of Law attached to the Section 2241 petition, Henderson contends that 28 U.S.C. § 2255 has proved an ineffective remedy because, "[t]he Eleventh Circuit and District Court has [sic] foreclosed on Petitioner's claims due to the Circuit[']s existing precedents and rulings," and "[b]ecause the Eleventh Circuit has failed to grant pryor [sic] authorization to file a successive 2255 motion." (Doc. 1, pp. 7-8). Citing *United States v. Gladish*, 536 F.3d 646, 649-50 (7th Cir. 2008) (obscene speech alone did not amount to a substantial step toward engaging in sexual activity with a minor), Petitioner perceives that he will fare better in the Seventh Circuit.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner Henderson is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [Section 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner asserts that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. The basis for his assertion is the mere fact that his Section 2255 petition was unsuccessful and that he has not been permitted to file a successive petition. However, a petitioner under Section 2241 must demonstrate the *inability* of a Section 2255 motion to cure the defect in the conviction. Similarly, the fact that petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render Section 2255 an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609–10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).

The arguments petitioner raises in the instant Section 2241 petition could have been raised in the context of a Section 2255 motion—in fact, they were. Petitioner does not point to any change in the law pertinent to his case, that occurred too recently for him to have brought it up in a timely Section 2255 motion or direct appeal. He even acknowledges that the *Gladish* decision was published prior to his plea (*see* Doc. 1, p. 8). Consequently, Henderson cannot now use a Section 2241 petition to get a "second bite at the apple" or to merely reassert arguments that have been rejected.

To summarize, Section 2255 does not prove to be an inadequate remedy for Petitioner's current claims. Consistent with *In re Davenport*, petitioner therefore cannot raise this claim under the awning of Section 2241. 147 F.3d 605 (7th Cir. 1998).

This action is summarily **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

Petitioner is **ADVISED** that he remains liable for the $5.00 filing fee, regardless of the dismissal of his petition.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1) (C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on

his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e) (2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATE: July 18, 2013**

Digitally signed by David R. Herndon
Date: 2013.07.18 16:18:23 -05'00'

**Chief Judge
United States District Court**